## No. 3087.

### H. POTTIER *v.* DAVID GRANT and W. R. BELL.

In October, 1867, David Grant injoined the execution of a judgment which his partner, George McGibbon, had confessed against the commercial firm of Grant & McGibbon in favor of R. C. Hyatt, and the defendant, W. R. Bell, signed as security the injunction bond. Before the trial of the injunction suit, Hyatt transferred to the plaintiff, H. Pottier, all his right, title and interest in and to the judgment. The injunction was subsequently dissolved by a judgment in the court below which, on appeal, was affirmed in this court.

This suit is brought by Pottier, the transferree, to recover damages on the injunction bond. It is contended by defendants that there is no privity between them and the plaintiff, because the bond is not in his favor, and the right to claim damages for the illegal injunction was not transferred to plaintiff together with the transfer of the judgment injoined.

This defense is not well founded. The injunction suit passed as an accessary to the plaintiff with the judgment he bought from Hyatt. After said purchase the plaintiff alone had an interest in resisting the injunction which had but a short time before been taken out, and became the real defendant in said suit, because he was the owner of the judgment injoined, and the injunction bond, although in favor of Hyatt, must be held to be in favor of the owner of said judgment, who acquired the essential right to execute it and also to claim damages for the illegal restraint of the exercise of that right.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Breaux & Fenner,* for plaintiff and appellee. *Bartlette, Roselius & Philips,* for defendants and appellants.

WYLY, J. The defendants, the principal and the surety, on an injunction bond in the case of David Grant *v.* R. C. Hyatt and sheriff, appeal from the judgment condeming them *in solido* to pay the plaintiff $1314 48, the amount of general and special damages alleged to have been suffered by him by reason of said injunction.

It appears that in October, 1867, David Grant injoined the execution of the judgment which his partner, George McGibbon, had confessed against the commercial firm of Grant & McGibbon in favor of R. C. Hyatt, and that William R. Bell, the defendant, signed as surety the injunction bond. Before the trial of this suit R. C. Hyatt transferred to the plaintiff, H. Pottier, all his right, title and interest in and to the judgment injoined.

The injunction was subsequently dissolved in the lower court and on appeal the judgment was affirmed by this court. 22 An. 411.

The important question is : Can the plaintiff, the transferree of the judgment injoined by the defendants, recover damages on the injunction bond subscribed by them in favor of R. C. Hyatt and sheriff ?

On the part of the defendants it is contended that there is no privity between them and the plaintiff, the bond not being in his favor and the interest of Hyatt in the injunction suit, to wit: The right to claim damages for the illegal injunction, not having been transferred to the plaintiff together with the transfer of the judgment injoined. And in support of this position they cite the case of Tete *v.* Villavasa, 6 An.

271. On the other hand the plaintiff contends that the judgment having been transferred to him immediately after the injunction, the suit last named was really conducted by the defendants contradictorily with him until it was finally decided two years thereafter by this court; that he was the real defendant during all the litigation of the injunction suit and he was the real party damaged thereby, although Hyatt was the nominal defendant. We are of the opinion that the injunction suit passed as an accessory to the plaintiff with the judgment he bought from Hyatt. In acquiring the judgment he necessarily acquired the right to execute the same, and also to resist the injunction of the defendants restraining the exercise of this right. That after said purchase the plaintiff alone had an interest in resisting the injunction which the defendants but a short time before had taken out; and that he became the real defendant in said suit, because he was the owner of the judment injoined. And the injunction bond, although in favor of Hyatt, must be held to be in favor of the owner of the judgment injoined. The transfer of the judgment would have been a vain thing, if it did not carry with it the essential right to execute it and also to claim damages for the illegal restraint of the exercise of this right by the injunction of the defendants.

For nearly two years after the plaintiff bought the judgment from Hyatt the defendants kept up the litigation of the injunction suit, restraining the plaintiff from executing his judgment and otherwise greatly damaging him. If they can escape liability to him, they will escape all liability; because Hyatt, the former owner, can not recover from them damages which he did not suffer, but which were incurred by the plaintiff. The defendants would thus be permitted to damage the owner of a judgment by the illegal exercise of the writ of injunction and incur no liability whatever on account thereof.

The case of Tete v. Villavosa, 6 An. 271, is not like the one now before the court. There the injunction was dissolved with damages before the transfer of the original judgment by Cantrelle & Villavasa to the Ocean Insurance Company. At the time of the transfer Cantrelle & Villavasa had two judgments, one for the amount of their original demand against their judgment debtor, and the other for the amount of damages which they incurred by the illegal injunction taken out by their judgment debtor. They only transferred the original judgment. And when they sought to enforce their other judgment for damages, the judgment debtor injoined on the ground that he had settled it with the transferree of the original judgment; and that the transfer of the original judgment carried with it as an accessary the judgment for damages.

The court correctly held that the judgment for damages did not pass as an accessary with the sale of the original judgment. Here Hyatt transferred the original judgment very soon after the injunction was taken out; and the two years' litigation of the last named suit was contradictorily with the plaintiff, the transferree of Hyatt, who was restrained during this period in the exercise of his legal right and who suffered the damages resulting from the illegal injunction. In the case cited the transferree suffered no damage and was not restrained in the exercise of a legal right, because the injunction had been dissolved with damages before said transfer. Here, however, the plaintiff was the real party in the two years' litigation of the injunction suit and he has suffered the damages of which he complains.

Judgment affirmed.